UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOEY LEE SCHREURS,                    )
                                      )   No. CV-07-0240-CI
          Plaintiff,                  )
                                      )   ORDER GRANTING IN PART
v.                                    )   PLAINTIFF'S MOTION FOR
                                      )   SUMMARY JUDGMENT AND
MICHAEL J. ASTRUE,                    )   REMANDING FOR ADDITIONAL
Commissioner of Social                )   PROCEEDINGS PURSUANT TO
Security,                             )   SENTENCE FOUR 42 U.S.C. §
                                      )   405(g)
          Defendant.                  )
                                      )
                                      )

        BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.
12, 14.)   Attorney Lora Lee Stover represents Plaintiff; Special
Assistant United States Attorney Stephanie Martz represents Defendant.
The parties have consented to proceed before a magistrate judge.  (Ct.
Rec. 6.)  After reviewing the administrative record and briefs filed
by the parties, the court **GRANTS** Plaintiff's Motion for Summary
Judgment, and remands the matter to the Commissioner for additional
proceedings.

                          **JURISDICTION**

        On May 10, 2004, Plaintiff Joey Schreurs (Plaintiff) protectively
filed for disability insurance benefits (DIB) and Supplemental
Security Income. (Tr. 362.)   Upon initial application, Plaintiff

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-1

alleged disability due to a crushed right arm injury and Crohn's disease, injured ankle, arthritis and nerve damage to his left arm, with an alleged onset date of January 10, 1993. (Tr. 61.) At the hearing, the alleged onset date was amended to January 1, 2001, with an unsuccessful work attempt in 2003. (Tr. 394.) Benefits were denied initially and on reconsideration. (Tr. 27-28.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on October 17, 2006. (Tr. 354-389.) Plaintiff, who was present and represented by counsel, and vocational expert Daniel R. McKinney, testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 6-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 38 years old and had a ninth-grade education. (Tr. 371.) He lived with his fiancee in a cabin. Plaintiff testified he could read and write, but had difficulty writing due to the crush injury to his right dominant hand. (Tr. 372.) He testified he had past work experience as a painter and maintenance worker, but stopped working due to increased difficulty using his hands, pain and problems with his intestines. (Tr. 375.) Since the right arm crush injury, he had had five or six surgeries, including surgery on his left hand and left hernia. (Tr. 376, 378.) He testified he helped with about twenty percent of the household chores, had problems sleeping, hiked for recreation when his ankle was not hurting, and had no trouble driving. (Tr. 378-80.) He stated he could lift twenty pounds, sit

1  for one and a half hour, stand 15-20 minutes, walk a quarter of a mile
2  and climb a flight of stairs when his ankle was not hurting.  (Tr.
3  381-82.)

4                        **ADMINISTRATIVE DECISION**

5       ALJ Say found Plaintiff met the insured status requirements for
6  DIB through September 30, 2002.  (Tr. 19.)  At step one of the
7  sequential evaluation, the ALJ found Plaintiff had not engaged in
8  substantial gainful activity since the amended alleged onset date of
9  January 1, 2001.  (*Id.*)  At steps two and three, he found Plaintiff
10 had the severe impairment of a "past right arm crush injury and
11 irritable bowel syndrome (IBS)" (Tr. 20), but these impairments
12 alone or in combination did not meet or equal one of the listed
13 impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4
14 (Listings). (Tr. 21.)  The ALJ found Plaintiff's testimony was "not
15 entirely credible."  (Tr. 22.)  At step four, he determined
16 Plaintiff had the following residual functional capacity (RFC) to
17 perform light work:

18      The claimant can lift 20 pounds occasionally and
        frequently lift or carry 10 pounds.  The claimant can sit
19      for two hours and stand or walk for six hours in an eight-
        our workday.  The claimant can occasionally stoop, crouch,
20      crawl, kneel, balance, and climb ramps or stairs.  He
        should never climb ladders, ropes or scaffolds.  The
21      claimant can occasionally use his right hand and fingers
        for grasping and feeling and can occasionally reach
22      overhead with his right arm.  The claimant has no
        limitation with his left arm and hand.  He should avoid
23      heights and moving machinery.  The claimant is also
        capable of performing sedentary work.

24

25 (Tr. 21.)

26      At step four and five, the ALJ determined Plaintiff could not
27 perform his past relevant work, but other jobs exist that Plaintiff

28
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

could perform.  (Tr. 24.)  Based on vocational expert testimony, he found Plaintiff was capable of performing work as a cashier and information clerk, and a significant number of these jobs was available in the national economy.  (Tr. 25.)  Therefore, Plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ decision.  (Tr. 25.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits.  42 U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any medically determinable physical or mental impairment"

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-4

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-5

decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues the ALJ erred in his credibility findings, in his RFC findings and in his evaluation of medical source opinions.

**DISCUSSION**

**A. Credibility**

In *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) the court held when an ALJ finds the claimant's testimony as to the severity of pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of his or her symptoms solely because there is a lack of objective medical evidence to support the testimony, there must be some objective medical evidence of an impairment for the time at issue. However, the lack of objective medical evidence is just one factor considered by the Commissioner. *Id.* at 345. The following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-6

nature, severity, and effect of claimant's condition.  *Thomas*, 278 F.3d at 958.

Once there is evidence of a medically determinable impairment likely to cause an alleged symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Bunnell*, 947 F.2d at 346.  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Here, there is no evidence of malingering, thus the adjudicator's credibility determination must be supported by "clear and convincing" reasons.  ALJ Say made the following credibility findings:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 22.)  However, the ALJ contradicted this finding when he rejected Plaintiff's alleged limitations in standing, walking and unspecified "subjective complaints," by finding "the medical record does not support any such limitations." (*Id.*)  The remaining credibility findings, *e.g.,* "there was improvement in his left wrist range of motion and grip," "claimant missed several [physical

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-7

therapy] appointments," and "claimant's left upper extremity has no tenderness, has a full range of motion, and exhibits normal stability, strength and tone," do not address Plaintiff's complaints or alleged limitations regarding his crushed right arm and attendant pain.  They are neither specific nor "clear and convincing."  (Tr. 22-23.)  The ALJ's rejection of Plaintiff's complaints of intestinal problems also is inadequate.  Regarding alleged IBS symptoms, the ALJ's sole finding that "the claimant's abdomen consistently was reported as soft non-tender, without masses, and active bowel sounds," is not sufficiently specific and "clear and convincing" to reject Plaintiff's specific complaints.  (Tr. 23.)  The ALJ's failure to articulate "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding the severity of his pain and limitations is reversible error.  *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007).

**B.   Remedy**

Although the record includes evidence that might be a basis for a rejection of Plaintiff's specific allegations regarding the severity of his symptoms and limitations, without the assertion of specific reasons by the fact-finder, the court cannot assume Plaintiff's lack of credibility, and the court cannot make independent findings.  Although counsel for the Commissioner enumerates reasons for upholding the ALJ's findings (Ct. Rec. 15 at 15-16), the reviewing court "is constrained to review the reasons the ALJ asserts."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (*citations omitted*).  Where evidence has been identified that may be a basis for a credibility finding, but the findings are not

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-8

1  articulated, remand is the proper disposition. *Gonzalez v.*
2  *Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). *Id.* On remand, the
3  ALJ will conduct a new sequential evaluation, make new credibility
4  findings with specificity, make a new RFC determination, and take
5  additional vocation expert testimony at step five. The ALJ should
6  consider the record in its entirety, including unrejected medical
7  opinions and Plaintiff's unrejected testimony. Accordingly,

8      **IT IS ORDERED:**

9      1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is
10 **GRANTED**. The matter is remanded to the Commissioner for additional
11 proceedings pursuant to sentence four 42 U.S.C. 405(g).

12     2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is
13 **DENIED.**

14     3.  An application for attorney fees may be filed by separate
15 motion.

16     The District Court Executive is directed to file this Order and
17 provide a copy to counsel for Plaintiff and Defendant. Judgment
18 shall be entered for Plaintiff and the file shall be **CLOSED**.

19     DATED April 4, 2008.

21          S/ CYNTHIA IMBROGNO
           UNITED STATES MAGISTRATE JUDGE

28
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-9